NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10108 |
| Plaintiff-Appellee, | D.C. Nos. 1:19-cr-00002-LEK-1 |
| v. | 1:19-cr-00002-LEK |
| ALVIN B. DAVIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted July 8, 2021**
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Alvin Davis was convicted of conspiracy to distribute and possess with

intent to distribute 500 grams or more of methamphetamine under 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), and 846.  On appeal, he challenges the district court's

denial of three pretrial motions.  We have jurisdiction under 28 U.S.C. § 1291, and

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

1. First, Davis appeals the district court's denial of his motion to suppress the statements he made to Drug Enforcement Administration ("DEA") agents. "We review the district court's denial of [a] motion to suppress de novo and the underlying factual findings for clear error." *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (per curiam) (alteration in original) (quoting *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1125 (9th Cir. 2015)).

The district court did not err in finding that Davis's statements were voluntary. Davis called the agents and agreed to speak with them at a federal building. The agents did not threaten Davis or make promises to him.[1] Davis was not physically restrained, and, though Davis testified that he was high during the interview, no record evidence indicates his drug use made him particularly vulnerable to coercion. While certain aspects of the interview may have been uncomfortable to Davis—namely, that the interview took place in a locked room, the agents looked "hostile," and the agents began the conversation by explaining that Davis was implicated in methamphetamine dealing—the circumstances were not sufficiently coercive for us to find that Davis's "will was overborne and his statement[s] involuntary." *United States v. Preston*, 751 F.3d 1008, 1028 (9th Cir.

---

[1] We discern no clear error in the district court's determination that the agents did not threaten Davis or make him promises.

2

2014) (en banc).

Davis also argues that his *Miranda* waiver was not knowing, intelligent, or voluntary.[2] We review the district court's determination that a *Miranda* waiver was knowing and intelligent for clear error. *United States v. Bautista-Avila*, 6 F.3d 1360, 1364 (9th Cir. 1993). Davis's prior experience with law enforcement questioning suggests that he understood his rights, *see United States v. Heredia-Fernandez*, 756 F.2d 1412, 1416 (9th Cir. 1985), and there is no evidence that Davis was so impaired by his drug use that his waiver was not knowing or intelligent. Moreover, our conclusion that Davis's statements were voluntary "is tantamount to a determination that his *Miranda* waiver was voluntary." *Bautista-Avila*, 6 F.3d at 1365.

2.     Next, Davis argues that the district court erred in failing to hold a *James* hearing to determine the admissibility of an alleged co-conspirator's statements to DEA agents. Because the government did not attempt to introduce the statements for their truth, no *James* hearing was required. *Cf. Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("Before admitting a co-conspirator's statement . . . under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule.").

---

[2] Because the district court found that an agent read Davis his *Miranda* rights prior to questioning, we do not review the district court's determination that Davis was in custody during his interview.

Davis also argues that the district court erred in admitting the statements, even for the limited purpose of providing background information about the DEA's investigation of Davis, because the statements were "extremely prejudicial." "The decision to admit evidence is reviewed for an abuse of discretion," *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016), and we hold that the district court was well within its discretion to admit the statements as background information. *See United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir. 1985) (holding that the danger of prejudice from admitting a recording of a co-conspirator and an informant planning a murder did not substantially outweigh the probative value of helping the jury understand other evidence).

3.      Finally, Davis argues that the district court erred by failing to hold a hearing on his motion in limine to exclude an agent's testimony about the statements Davis made to the DEA agents. District courts are not required to hold hearings on motions in limine. And, contrary to Davis's assertions, the failure to hold a hearing did not infringe on his due process or confrontation rights. It is undisputed that the testifying agent failed to preserve his original interview notes, record Davis's statement, or have Davis adopt the statement, so a hearing about the agent's failure to preserve his notes was unnecessary. Additionally, at trial, Davis's counsel cross-examined the agent about Davis's statement as well as the agent's failure to preserve his notes, record Davis's statement, or ask Davis to

4

adopt a written statement. An additional hearing would not have enabled Davis to more fully cross-examine or impeach the agent. We therefore discern no error in the district court's decision to decide Davis's motion on the papers.

Nor did admission of Davis's statements violate his due process or confrontation rights. To establish a due process violation based on the government's failure to preserve potentially exculpatory evidence, "the defendant must make an initial showing that the Government acted in bad faith *and* that this conduct resulted in prejudice to the defendant's case." *United States v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991). Davis does not argue that the agent acted in bad faith, and there is no evidence of prejudice. As described above, Davis's counsel fully cross-examined the agent about his failure to preserve his notes. The government provided Davis with a copy of the agent's formal report, and the agent testified that the report "fully and accurately reflect[ed] the contents of the notes." Finally, the district court appropriately considered the agent's failure to preserve his notes in weighing the credibility of the agent. For these reasons, Davis does not establish a due process violation. Davis also fails to establish a violation of his confrontation rights because he "had a meaningful opportunity to cross-examine [the witness]" and, as described above, does not show prejudice. *See United States v. Reed*, 575 F.3d 900, 922 (9th Cir. 2009) (alteration in original) (quoting *United States v. Williams*, 291 F.3d 1180, 1191 (9th Cir. 2002) (per curiam)).

5

Finally, Davis's hearsay arguments are meritless. The agent's testimony as to Davis's statement was not hearsay because it was an opposing party statement under Federal Rule of Evidence 801(d)(2)(A). Even if it were hearsay, the district court did not abuse its discretion in deeming the statement admissible under the hearsay exception in Federal Rule of Evidence 804(b)(3) for statements against interest because the statement "certainly embodies the confession of a crime."

**AFFIRMED.**